UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 4:20-cr-212 |
| v. | ) |
| | ) PLEA AGREEMENT |
| ABRAHAM CHRISTOPHER SMITH, | ) |
| | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the Defendant, ABRAHAM CHRISTOPHER SMITH, and Defendant's attorney, enter into this Plea Agreement.

**A.   CHARGES**

1.   <u>Subject Offense</u>.   Defendant will plead guilty to Count 1 of the Indictment, that is, Enticement of a Minor, in violation of Title 18, United States Code, Section 2422(b). As detailed in paragraph 18 below, Defendant also agrees to forfeiture of the property noticed in the Indictment.

2.   <u>Charges Being Dismissed</u>.   If the Court accepts this Plea Agreement, Counts 2, 3, and 4 of the Indictment will be dismissed at the time of sentencing.

**B.   MAXIMUM PENALTIES**

3.   <u>Maximum and Mandatory Minimum Punishment</u>.   Defendant understands that Count 1, to which Defendant is pleading guilty, carries a mandatory minimum sentence of 10 years in prison and a maximum sentence life in prison; a maximum fine of $250,000; and a term of supervised release of no less than five years

1

up to life. A mandatory special assessment of $100 per count also must be imposed by the sentencing court. The Defendant also understands that, if the Court determines the Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count.

4. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than five (5) years in prison, without any credit for time previously served.

5. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

C. **NATURE OF THE OFFENSE – FACTUAL BASIS**

6. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Enticement of a Minor)**, the Government would be required to prove beyond a reasonable doubt the following elements:

> (1) The defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice, or coerce an individual under the age of eighteen (18) to engage in sexual activity;
>
> (2) The defendant believed that such individual was less than eighteen (18) years of age;
>
> (3) Based upon the sexual activity that occurred, the defendant could

2

have been charged with a criminal offense under the laws of the State of Iowa.

7. <u>Elements Admitted</u>.   As a factual basis for his plea of guilty, Defendant admits the following:

   (1) Minor Victim #1 was 15 years of age throughout October 2020 and resided in the Des Moines metro area. Defendant turned 39 years of age on October 25, 2020 and resided in Pleasant Hill, Iowa. Defendant knew Minor Victim #1's age at all times relevant to this matter. Defendant was a full-time teacher at Southeast Polk High School for several years including throughout October 2020. Minor Victim #1 was a student at that same school.

   (2) Beginning by at least October 9, 2020 and continuing to on or about October 28, 2020, Defendant used his iPhone to communicate with Minor Victim #1 via text message and an internet-based chat application and, thereby, knowingly persuaded, induced, and enticed Minor Victim #1 to engage in sexual activity with Defendant. The cellular telephone systems and internet are facilities of interstate commerce. Many of the communications between Defendant and Minor Victim #1 were sexually charged in nature and many related to in-person sexual acts that previously occurred between them and in-person sexual acts Defendant was planning and soliciting to occur between them.

   (3) Defendant performed in-person sexual acts with Minor Victim #1 on at least 2 separate dates in October 2020 to include intercourse and oral-genital sex. Based upon these in-person sexual acts, Defendant violated criminal laws of the State of Iowa and could have been charged with, at minimum, a violation of Iowa Code Section 709.4—sexual abuse in the third degree.

   (4) Defendant's iPhone described above is an Apple iPhone XR cellular phone (bearing serial number DX3CF3BBKXL0). That iPhone was not manufactured in the State of Iowa and, therefore, the iPhone had been shipped or transported across a state line prior to Defendant's use of it to commit the offense.

3

 (5) As relevant conduct to the offense, Defendant admits the following:

  (a) On October 24, 2020, Defendant met Minor Victim #1 in-person in Polk County, Iowa and engaged in sexual acts with Minor Victim #1. During the sexual activity on October 24, Defendant knowingly and intentionally used his own iPhone to record Minor Victim #1 performing oral-genital sex on the Defendant. The video file Defendant made of this sexual act is approximately one minute and fifteen seconds in length and bears the file name "62527929810__639AA9A7-C84D-4680-9CEE-F7327DFB07A3.MOV". Defendant maintained this video on his iPhone until police seized his iPhone on October 28, 2020.

  (b) On October 28, 2020, Altoona police officers seized Defendant's above-described iPhone. A "private photo vault" application was on the iPhone. This application allows a user to import photos and videos into the application and secure them behind a PIN or pattern lock. The application also allows a user to take photos or videos directly into the application. Among other things, Defendant stored multiple sexually provocative images of Minor Victim #1 in this application as well as the video described in paragraph 7(5)(a).

  (c) The relevant conduct admissions in paragraphs 7(5)(a)-(b) are not intended by the parties to be an explicit agreement that the factual statements or stipulations therein are stipulations for purposes of USSG §1B1.2.

8. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any

4

false answers.

9. <u>Waiver of Rule 410 Rights.</u>  The Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Elements Admitted, are admissible against the Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

10. <u>Venue.</u>  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.   SENTENCING**

11. <u>Sentencing Guidelines.</u>  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a) The nature of the offense to which Defendant is pleading guilty;

(b) Whether the minor was in the custody, care, or supervisory control of the defendant under USSG §2G1.3(b)(1)(B), with the parties stipulating as a recommendation to the District Court that this two-level upward adjustment should be applied;

(c) Whether the Defendant unduly influenced a minor to engage in

5

        prohibited sexual conduct under USSG §2G1.3(b)(2)(B), with the parties stipulating as a recommendation to the District Court that this two-level upward adjustment should be applied;

(d) Whether the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct under USSG §2G1.3(b)(3)(A), with the parties stipulating as a recommendation to the District Court that this two-level upward adjustment should be applied;

(e) Whether the offense involved the commission of a sex act or sexual contact under USSG §2G1.3(b)(4)(A), with the parties stipulating as a recommendation to the District Court that this two-level upward adjustment should be applied;

(f) Whether defendant engaged in a pattern of activity involving prohibited sexual conduct under USSG §4B1.5(b), with the parties stipulating as a recommendation to the District Court that this five-level upward adjustment should be applied;

(g) The nature and extent of Defendant's criminal history (prior convictions); and

(h) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

    12.    <u>Acceptance of Responsibility</u>.    The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the

plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and

7

evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, with the government recommending a term of imprisonment to not exceed 360 months. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E.  **FORFEITURE, FINES, COSTS, AND RESTITUTION**

18.  <u>Forfeiture</u>.  Defendant agrees to forfeiture of the property noticed in the Indictment, specifically an Apple iPhone XR cellular phone bearing serial number DX3CF3BBKXL0.  Defendant will execute any documents as directed by the Government to complete the forfeiture.

19.  <u>Waivers Regarding Forfeiture</u>.  Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.  Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

20.  <u>Consent to Judgment of Forfeiture</u>.  Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at

9

sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

21. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

22. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $100 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013. Defendant further understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(3), it shall impose an assessment of $5,000 per count.

23. <u>Restitution</u>. Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

## F.     LIMITED SCOPE OF AGREEMENT

24.     <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

25.     <u>Agreement Limited to Southern District of Iowa</u>.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

26.     <u>Sex Offender Registry</u>.  Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendants release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life.  Defendant understands that Defendant shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information.  Defendant shall

comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state of his release, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

27. <u>Victims not a party to this Agreement</u>. Defendant understands that neither Minor Victim #1 nor Minor Victim #1's parents/guardians are a party to this Plea Agreement, and that any "restitution" amounts applicable to this criminal case do not resolve any claims that such individuals may have against Defendant. Defendant understands that such individuals remain free to pursue all lawful civil remedies they may deem appropriate.

## G.   WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

28.   <u>Trial Rights Explained</u>.   Defendant understands that this guilty plea waives the right to:

(a)   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)   A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)   The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)   Confront and cross-examine adverse witnesses;

(e)   Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)   Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)   If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

29.   <u>Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s), or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law.   Also,

Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.  VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

30. <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

   (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

   (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

   (c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

   (d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

31. <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

   (a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

   (b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the

      attorney has given.

(c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

32. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

33. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

34. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

35. <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J. SIGNATURES

36. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

5-20-21
Date

*[signature]*
Abraham Christopher Smith

37. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full

access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_5-20-21_
Date

_[signature]_
Nicholas A. Sarcone
Attorney for Abraham Christopher Smith
Stowers & Sarcone PLC
West Glen Town Center
650 South Prairie View Dr., Suite 130
West Des Moines, IA   50266
Tel: (515) 224-7446
Fax: (515) 225-6215
nick@stowerssarcone.com

38.  **United States.**  The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
Acting United States Attorney

_5/24/2021_            By: _[signature]_
Date                        Adam J. Kerndt
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tele:  515-473-9300
Fax:   515-473-9292
E-mail: Adam.Kerndt@usdoj.gov